IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

**TROY JACOBS,**

        Petitioner,

v.

**JERI TAYLOR,** EOCI Superintendent,

        Respondent.

No. 2:16-cv-00508-AC

OPINION AND ORDER

**MOSMAN, J.,**

    On September 8, 2020, Magistrate Judge John V. Acosta issued his Findings and Recommendation (F. & R.) [ECF 60]. Judge Acosta recommended that I deny the Petition for Writ of Habeas Corpus [ECF 2] and dismiss this case with prejudice. Petitioner Troy Jacobs filed Objections [ECF 68]. Upon review, I agree with Judge Acosta's recommendation, and I DENY Mr. Jacobs's Petition for Writ of Habeas Corpus [ECF 2]. I write separately to express my views on why this is the appropriate outcome.

**STANDARD OF REVIEW**

    The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or

1 – OPINION AND ORDER

recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F. & R. to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F. & R. depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F. & R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Judge Acosta concluded that Mr. Jacobs is not entitled to equitable tolling for three reasons: (1) his "memory impairment did not constitute an extraordinary circumstance preventing him from timely filing his Petition," (2) "he cannot demonstrate he diligently pursued his claims," and (3) he cannot demonstrate that "his impairment made it impossible for him to timely file under the totality of the circumstances." F. & R. [ECF 60] at 19. I adopt Judge Acosta's reasoning only as to whether Mr. Jacobs diligently pursued his claims. And since that is a sufficient reason on its own to deny Mr. Jacobs's petition, I adopt Judge Acosta's recommendation to do so.

In *Bills v. Clark*, the Ninth Circuit explained "that eligibility for equitable tolling due to mental impairment requires the petitioner to meet a two-part test":

(1) *First*, a petitioner must show his mental impairment was an 'extraordinary circumstance' beyond his control by demonstrating the impairment was so severe that either

 (a) petitioner was unable rationally or factually to personally understand the need to timely file, or

 (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.

> (2) *Second*, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

628 F.3d 1092, 1099–100 (9th Cir. 2010) (internal citations and footnote omitted).

## I.    Part One

As to part one of the *Bills* test, Mr. Jacobs has put forth an unrebutted neuropsychological evaluation in which Dr. Dale G. Watson concludes: "Mr. Jacobs' memory deficits were sufficiently severe that he was precluded from independently filing his state post-conviction review and federal habeas corpus petitions." Br. in Supp. [ECF 52] Ex. 7, at 21. The Government fails to persuasively rebut Dr. Watson's conclusion. I find that Mr. Jacobs has satisfied part one.

## II.   Part Two

Under part two of the *Bills* test, a petitioner must show (1) "diligence in pursuing the claims to the extent he could understand them" and (2) that "the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances." 628 F.3d at 1100. I note that the "impossibility" language in *Bills* stands in tension with subsequent caselaw from the Ninth Circuit. In *Smith v. Davis*, the court explained that the "rule does not impose a rigid 'impossibility' standard on litigants." 953 F.3d 582, 600 (9th Cir. 2020) (en banc). Instead, a petitioner must show that "an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing." *Id.* I therefore decline to adopt the portions of Judge Acosta's F. & R. that rely on an "impossibility standard." *E.g.*, F. & R. [ECF 60] at 18.

Still, a petitioner must have acted with reasonable diligence, and I agree with Judge Acosta's conclusion that Mr. Jacobs failed to do so. A petitioner bears the burden of establishing reasonable diligence and must "show that he has been reasonably diligent in pursuing his rights . . . up to the time of filing his claim in federal court." *Smith*, 953 F.3d at 588, 598–99.

"The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland v. Florida*, 560 U.S. 631, 653 (2010) (citations omitted). What conduct qualifies as reasonable diligence "varies based on the specifics of the case, but in every instance reasonable diligence seemingly requires the petitioner to work on his petition with some regularity—as permitted by his circumstances—until he files it in the district court." *Smith*, 953 F.3d at 601. "The 'availability of assistance is an important element to a court's diligence analysis,' but . . . it is only 'part of the overall assessment of the totality of circumstances that goes into the equitable determination.'" *Milam v. Harrington*, 953 F.3d 1128, 1132 (9th Cir. 2020) (quoting *Bills*, 628 F.3d at 1101). "The petitioner . . . always remains accountable for diligence in pursuing his or her rights." *Bills*, 628 F.3d at 1100.

Here, Mr. Jacobs bears the burden of establishing that he acted with reasonable diligence, and he fails to produce any evidence that he did so. In fact, Mr. Jacobs does not claim to have taken any action at all for years. Mr. Jacobs argues that he "was as diligent as he could be in light of his severe cognitive deficits." Br. in Supp. [ECF 52] at 7. In support of this contention, he notes that he "was without available assistance to prepare and file his habeas petition before being housed with Mr. Moore," a former cellmate who helped with his petition. *Id.* at 6–7. But the availability of assistance is only one part of the overall assessment. *Milam*, 953 F.3d at 1132.

Considering the totality of the circumstances, Judge Acosta concluded that "at a minimum, given Jacobs's . . . capabilities and tools for compensating for his memory impairment, he cannot demonstrate that he pursued his claims diligently throughout the time period at issue." F. & R. [60] at 18. For instance, despite having a system in place to compensate for his memory loss, Mr. Jacobs puts forth no evidence that he attempted to use that system to pursue legal recourse, even if he was ultimately unsuccessful in filing a timely petition. *See id.* at

16. Additionally, as Judge Acosta explained, the fact that Mr. Jacobs asked his cellmate for help with his case (after the statute of limitations had expired) reflects an awareness of potential legal recourse and a capability of seeking assistance. *Id.* at 14. Although Dr. Watson opined that Mr. Jacobs could not have prepared a habeas petition on his own, he "did not opine in his report that at *no* time during the relevant period was petitioner capable of doing what he eventually did do, *i.e.*, seeking assistance from another inmate to file his petition." *Id.* at 16.

This is not to say that Mr. Jacobs, through the exercise of reasonable diligence, would have succeeded in filing a timely petition. But even a petitioner who files an untimely petition must "show that he has been reasonably diligent in pursuing his rights . . . up to the time of filing his claim in federal court." *Smith*, 953 F.3d at 598–99. Considering the totality of the circumstances presented in the record, I find that Mr. Jacobs fails to put forth any evidence that he exercised reasonable diligence up to the time of filing his claim in federal court, which he did more than two years after the statute of limitations expired. Thus, Mr. Jacobs fails to satisfy part two of the *Bills* test, and equitable tolling is improper.

Finally, I agree with Judge Acosta's recommendation to deny a hearing. *Id.* at 19. Given the dearth of evidence in the record as to reasonable diligence, a hearing is unnecessary.

//

//

//

//

//

//

//

5 – OPINION AND ORDER

## CONCLUSION

Upon review, I DENY Mr. Jacobs's Petition for Writ of Habeas Corpus [ECF 2], and I DISMISS this case with prejudice. Because Mr. Jacobs has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 1st day of February, 2021.

MICHAEL W. MOSMAN
United States District Judge

6 – OPINION AND ORDER